**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ROBERT COELLO,** *et al.* | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-00764-ALM-BD** |
| | § | |
| **PAUL M. DAVIS,** *et al.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiffs Robert Coello and Amy Coello filed three ex parte motions seeking various service-related relief. Dkts. 30, 36, 37. The first two of those motions will be granted in part. The third will be struck as duplicative.

**BACKGROUND**

In July 2025, the Coellos sued a law firm and several people for defamation, intentional infliction of emotional distress, civil conspiracy, tortious interference with employment and business relations, and breach of fiduciary duty and professional misconduct. Dkt. 1 at 27–33. A month later, they amended their complaint to add more defendants and claims. Dkt. 10 at 136–67.

Amy Coello was employed by and a client of the defendant law firm, Paul M. Davis & Associates, P.C. *Id.* at 2. While employed there, Amy "sought to vindicate her rights against neighbors who falsely accused her of pedophilia, alcoholism, and sexual misconduct with law firm clients." *Id.* at 3. Most of the defendants are those neighbors. The remaining defendants include Paul Davis, a neighbor and lawyer at the defendant law firm, and one of the firm's clients. *Id.* at 2–3. According to the Coellos, "[w]hat began as a community smear campaign escalated into a calculated conspiracy involving fabricated criminal charges, manipulated billing records, and a fraudulent State Bar grievance—all designed to silence [Amy] who wouldn't comply." *Id.* at 2. Robert Coello, Amy's spouse, joins as a plaintiff because, "[a]s a result of the coordinated defamatory campaign targeting [Amy], [he] suffered loss of consortium, emotional distress, reputational injury, and economic harm, including disruption to the family's livelihood." *Id.* at 8.

Since initiating this action, the Coellos have faced difficulty serving all the defendants. In granting their request to proceed in forma pauperis, the court ordered the United States marshal to serve process and extended their initial deadline to do so. Dkt. 14. Two months later, at the marshal's request, the court extended the service deadline again. Dkt. 18. And a month after that, the Coellos again moved to extend their deadline and to use alternative service methods of email and social media. Dkts. 19, 20, 22. The court granted those requests. Dkt. 23.

A month later, the Coellos filed three ex parte motions seeking a service-deadline extension, sealing of all service-related filings, and additional alternative-service methods. Dkts. 30, 36, 37. They also asked the court to direct the United States marshal to attempt service again. Dkts. 30, 36. Their motions argue that good cause exists to extend their deadline to serve the remaining defendants and that some of the defendants deleted their social-media accounts after they were identified in court summonses. Dkt. 30 at 7–8. To address the defendants' alleged evasiveness, they ask the court to seal all service-related information. *Id.*

Finally, the Coellos ask the court to authorize a private person to help effect service or to serve the remaining defendants by publication. Dkt. 36 at 6, 13–16. They explain that their colleague, Brandon Elliott, "is over 18 years old" and "is willing and able to serve Defendants via verified email and social media using secure cloud links with access-tracking capabilities." *Id.* at 6. Before receiving the court's response, Elliott attempted to serve most of the defendants. *See, e.g.*, Dkts. 38, 39, 40. As to their request for service by publication, the Coellos state that "there are four defendants that Plaintiffs have no idea where their exact location is and citation by publication is appropriate in city of last known address." Dkt. 36 at 6. They go on to note that "[they] can provide two sources of evidence that the Defendants currently live the cities herein." *Id.* at 7. But they provide no supporting evidence. *See id.* at 7–8.

Since the Coellos filed those motions, three defendants have appeared, *see* Dkts. 46, 49, and the marshal successfully served three more, *see* Dkts. 47, 50.

2

## DISCUSSION

### I.    The Propriety of the Coellos' Ex Parte Motions

"In our adversary system, *ex parte* motions are disfavored." *Ayestas v. Davis*, 584 U.S. 28, 40 (2018). They "deprive the opposing party [of] fair notice and an opportunity to be heard, fundamentally undermining the adversarial process." *Dutschmann v. City of Waco*, No. 6:22-CV-00094-ADA-JCM, 2022 WL 837500, at *2 (W.D. Tex. Feb. 23, 2022). As such, "*[e]x parte* motions are rarely justified." *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (footnote omitted).

But they are appropriate, and common, in several contexts, including those involving requests for expedited discovery, *see Alamo Area Mut. Hous. Ass'n, Inc. v. Lazenby*, No. 5:17-CV-634-DAE, 2017 WL 7052289, at *4 (W.D. Tex. July 19, 2017), or discovery for use in foreign proceedings, *see In re Xiaomi Inc.*, 801 F. Supp. 3d 635, 636–38 (N.D. Tex. 2025); applications for search warrants and the like in criminal cases, *see Ayestas*, 584 U.S. at 40–41; and certain motions for temporary restraining orders, *see* Fed. R. Civ. P. 65(b)(1). They are also appropriate for service-related motions of the sort at issue here. *See River N. Furr's, LLC v. FMP SA Mgmt. Grp., LLC*, No. 5:19-cv-00757-OLG, 2019 WL 13168919, at *1–2 (W.D. Tex. Aug. 22, 2019).

The Coellos filed this lawsuit in the summer of 2025. Dkt. 1. Since then, the United States marshal has attempted to serve the evasive defendants, *see* Dkt. 23 at 2, by various means, *see, e.g.*, Dkts. 21, 48. The Coellos assert that several defendants deleted their social-media accounts after seeing them in docketed summonses, Dkt. 30 at 7, and that some defendants acknowledged the Coellos' efforts to serve them in YouTube videos, Dkt. 36 at 4. Against that backdrop, the ex parte filings were justified. At this point, though, the court will instruct the clerk of court to place them on the public record. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) (explaining that "[j]udicial records belong to the American people; they are public, not private, documents").

## II.  The Coellos' Entitlement to Some of the Relief They Seek

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Coellos' motions ask the court to further extend the deadline to serve the defendants, to seal future service-related filings, and to authorize service via publication. Alternatively, they ask the court to order the United States marshal to attempt service again and authorize both the marshal and a private person to attempt service via email and social media.

The Coellos are entitled to an extension of their service deadline. Although they are not entitled to sealing, they are entitled to redaction of future filings. And although they have not at this point shown entitlement to service by publication, their request to allow service by email and social media by a private person is well taken.

### A.  Deadline extension

The motions detail the Coellos' efforts to locate the defendants, *see* Dkts. 30, 36, and the docket reflects their attempts to effect service through both the United States marshal and a private person. *See, e.g.*, Dkts. 27, 34, 38, 47, 48. Some of those activities did not comply with federal and state rules for service. *See* Fed. R. Civ. P. 4(e)(1); Tex. R. Civ. P. 103. Nevertheless, the Coellos should have a chance to serve the remaining defendants, and they need another extension for that purpose. The new deadline will be 30 days from the entry of this order.

### B.  Redaction as an alternative to sealing

Although "sealing information placed in the judicial record" is "heavily disfavor[ed]," *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022), there are good reasons to seal some court documents, such as when public disclosure of "sensitive information . . . could endanger lives or threaten national security," *Binh Hoa Le*, 990 F.3d at 417. But before ordering a document sealed, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

To do that, a court in this circuit should "undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure," *Binh Hoa Le*, 990 F.3d at 419 (cleaned up), and should consider "less drastic alternatives" to sealing entire documents, *id.* at 420. For example, where the movant's interests can be protected by redacting parts of a document, rather than sealing the entire document, courts generally favor redaction as a less drastic alternative. *See, e.g.*, *Mach Flynt Inc. v. Veritiv Operating Co.*, No. 2:24-CV-01444, 2025 WL 56333, at *2 (W.D. La. Jan. 9, 2025).

Asserting that the defendants are "weaponiz[ing] court transparency" by "using the public nature of court filings to evade service and obstruct justice," Dkt. 30 at 14, the Coellos argue that any future summonses should be sealed to avoid alerting unserved defendants of the service methods they plan to use. *Id.* at 7–8, 14–16. But sealing would be overkill. Redaction is the appropriate way to balance the public's right of access and the Coellos' interest in keeping physical addresses, email addresses, and social-media accounts confidential. That information should be redacted in all future docketed summonses.

## C. The Coellos' failure to show the propriety of service by publication

Federal Rule of Civil Procedure 4(e)(1) generally permits service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." One such state-law provision, Texas Rule of Civil Procedure 109, provides that,

> [w]hen a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so, the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the

5

residence or whereabouts of the defendant or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service.

The Coellos' request to proceed under that rule is not well taken at this stage. The Coellos have not provided an affidavit explaining their service efforts. *See Burt v. M&S Brothers Trucklines, Inc.*, No. 4:19-CV-00391-RWS, 2019 WL 13210615, at *2 (E.D. Tex. Dec. 13, 2019). Nor have they met the other requirements of Rule 109. *See Hogan v. Goodwin*, No. 5:21-CV-144-RWS-JBB, 2025 WL 1551445, at *2 (E.D. Tex. Apr. 25, 2025) (explaining the requirements and noting that "Texas state courts disfavor publication as a method of service because it is the least calculated to notify the defendant of the pendency of a judicial action" (quotation marks omitted)), *report and recommendation adopted*, 2025 WL 1550221 (E.D. Tex. May 30, 2025).

As noted, the Coellos do not know the exact location or residence of at least four defendants. Dkt. 36 at 6. In their view, that makes "citation by publication . . . appropriate in [the] city of last known address" for those defendants. *Id.* They claim to have two sources of evidence that the defendants live in specific cities, but they have not shared that evidence with the court. *Id.* at 7. Instead, they propose newspapers for use in serving by publication various defendants, some of whom have recently appeared or been served. *Id.* at 7–8; *see* Dkts. 46, 47. But they do not explain how their proposed newspapers have any connection to the defendants. They are therefore not entitled to service by publication at this time. That said, if service problems persist after the Coellos pursue the relief this order allows, the Coellos could file a renewed motion for service by publication in an effort to satisfy Rule 109's requirements.

## D. Authorization for service by a private person

Texas Rule of Civil Procedure 103 provides, in part, that "[p]rocess including citation and other notices, writs, orders, and other papers issued by the court may be served anywhere by . . . any person authorized by law or by written order of the court who is not less than eighteen years of age." The court's "order authorizing a person to serve process may be made without written motion." *Id*; *see Hunsinger v. Camino*, No. 3:26-cv-385-X-BN, 2026 WL 966586, at *1 (N.D. Tex. Apr. 8, 2026) (authorizing a process server to serve the defendant by email).

6

The Coellos ask the court to issue an order authorizing their colleague, Brandon Elliott, to serve the defendants via email and social-media accounts. Dkt. 36 at 6. They note that Elliott is over 18 years old. *Id.* He is also not a party to this dispute. Although Elliott's previous attempts to contact the defendants were apparently successful, *see, e.g.*, Dkts. 38, 39, they were made without a court order authorizing them. This order provides the needed authorization. If he is able to serve the defendants, Elliott must provide the Coellos with executed summonses and proofs of service, and the Coellos must file the executed summonses and proofs of service by the new service deadline this order establishes.

The Coellos ask that both the United States marshal and Elliott attempt service. Because the court will authorize Elliott to effect service via email and social media, to avoid redundancy, the court will not order the United States marshal to attempt service at this time. If Elliott is unsuccessful in serving the defendants, the Coellos may re-urge their request to have the marshal attempt service.

**CONCLUSION**

It is **ORDERED** that:

1) the clerk of court **UNSEAL** the Coellos' ex parte motions, Dkts. 30, 36, 37;

2) the first two of those motions, Dkts. 30, 36, are **GRANTED** in part, such that (a) the new deadline to serve the defendants who have not been served or appeared is 30 days from the day this order is docketed and (b) Brandon Elliott is authorized to serve those defendants via email or social media;

3) the same motions, Dkts. 30, 36, are **DENIED WITHOUT PREJUDICE** to the extent they request service by publication or by the United States marshal;

4) the third motion, Dkt. 37, is **STRUCK** as duplicative; and

5) the Coellos file all executed summonses and proofs of service, redacted as required by this order, by the deadline set in this order.

So **ORDERED** and **SIGNED** this 26th day of May, 2026.

Bill Davis
United States Magistrate Judge